UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-20600-COOKE/TURNOFF

ERIC RODRIGUEZ,

      Plaintiff

vs.

BRIM'S FOOD, INC.,
d/b/a Royal Castle 115,

      Defendant
_____/

**ORDER GRANTING
DEFENDANT'S MOTION TO VACATE CLERK'S DEFAULT**

THIS CASE is before me on Defendant's, Brim's Food, Inc., Motion to Vacate Clerk's Default and Response to Order to Show Cause. ECF No. 14. I have reviewed the arguments, the record, and the relevant legal authorities. Given the procedural history of this case, I find that good cause exists to set aside the default in this matter.

**I. BACKGROUND**

On February 19, 2013, Plaintiff, Eric Rodriguez, filed his Complaint against Defendant seeking declaratory and injunctive relief, attorney's fees, and costs for Defendant's alleged violation of the Americans with Disabilities Act. Compl. ¶¶ 7-23, ECF No. 1.

On February 22, 2013, Plaintiff served Defendant in this matter. Accordingly, Defendant's answer was due March 15, 2013. ECF No. 4. On March 20, 2013, Plaintiff filed a Motion for Clerk's Entry of Default for failure to answer or plead in this action within 21 days of being served as required by the Federal Rules of Civil Procedure. Mot.

for Default ¶¶ 1-3, ECF No. 5.  The Clerk issued an Order for Entry of Default against Defendant on March 21.  Order for Clerk's Default, ECF No. 6.  Also, on March 21, I entered an Order directing Plaintiff to file a Motion for Default Judgment and an Order requiring Defendant to show cause as to why Default Judgment should not be granted.  Order for Mot. for Default J. and Order to Show Cause, ECF No. 7.  Responses were due on March 26, 2013.  Plaintiff subsequently filed a Motion for Default Judgment on March 25.  Mot. for Default J., ECF No. 11.  The Defendant, on the other hand, failed to timely reply to the Order to Show Cause.  However, shortly thereafter, on March 27, Defendant retained counsel, who then in turn filed an Answer to Plaintiff's initial Complaint.  Answer, ECF No. 12.  On March 28, I issued another Order to Show Cause, with response due April 8, 2013.  Second Order to Show Cause, ECF No. 13.  As a result, Defendant responded with its Motion to Vacate Clerk's Default and Response to Order to Show Cause on April 1.  Mot. to Vacate 1-3, ECF No. 14.

In the Motion, Defendant stresses its failure to respond was not a result of willful disregard for the Court.  Mot. to Vacate 2.  Rather, Defendant states its failure was a result of their lack of experience and knowledge in dealing with the legal system and its procedures.  *See id*.  Defendant also claims no prejudice will occur to Plaintiff as a result of setting aside the default and that, as a small company, it will suffer extreme financial hardship if the default were to be maintained.  *Id*. at 2-3.  Furthermore, Defendant asserts a meritorious defense to the claims alleged in Plaintiff's Complaint.  *Id*. at 3.

## II. LEGAL STANDARD

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a ).  Rule 55(c) of the Federal Rules of Civil Procedure states that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  The good cause standard is to be construed liberally on a case-by-case basis.  *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviation*, 88 F.3d 948, 951 (11th Cir. 1996).

When evaluating good cause, courts have considered multiple factors, which include: (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; (4) whether the public interest is implicated; (5) whether there was significant financial loss to the defaulting party; and (6) whether the defaulting party acted promptly to correct the default.  *Id.*  These factors are not "talismanic"; the Eleventh Circuit frequently reiterates that these factors should be seen simply as "a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id*. (quoting *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)).

"The Court is vested with considerable discretion in ruling on a motion to set aside an entry of default."  *In re Fortner*, No. 12-60478, 2012 WL 3613879, at *7 (S.D. Fla. Aug. 21, 2012) (citing *Robinson v. U.S.*, 734 F.2d 735, 739 (11th Cir. 1984)).  Because of the strong policy of determining cases on their merits, the Eleventh Circuit has held defaults unfavorable.  *See Florida Physicians Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).  As a result, in order to obtain relief under Rule 55(c), the movant only must make a bare minimum showing to support its claim for relief.  *Fortner*, 2012 WL 3613879, at *7 (citing *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)).

3

### III. ANALYSIS

Defendant contends that it has met the burden to show "good cause" based on the factors generally presented. Defendant claims its failure to respond was the result of a lack knowledge and experience in legal proceedings in the court system, not the result of willful disregard. Mot. to Vacate 2. Defendant also claims that setting aside the default would not prejudice Plaintiff. *Id*. at 2-3. In addition, Defendant states a meritorious defense against allegations in Plaintiff's Complaint. *Id*. at 3. Finally, Defendant contends that if the clerk's entry of default is not vacated, it will suffer extreme financial hardship. *Id*.

Defendant has established the requisite "good cause" needed in order to vacate the clerk's default because an analysis of the essential factors weighs, albeit slightly, in their favor. *See Griffin IT Media, Inc., v. Intelligentz Corp.*, No. 07-80535, 2008 WL 162754, at *2 (S.D. Fla. Jan. 16 2008) (citing *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003)) (stating willfulness, prejudice, and a meretricious defense as the most oft considered factors).

First, even though Defendant may be culpable for the delay that resulted in the clerk's default entry, there is no evidence that they acted willfully. *See You Fit, Inc. v. Pleasonton Fitness, LLC*, No. 8:12-cv-1917-JDW-EAJ (M.D. Fla. Apr. 17, 2013) (granting Motion to Set Aside Default even though defendants were solely culpable for delay that resulted in clerk's entry of default). Once Defendant was informed of the legal ramifications of its failure to respond, it reacted promptly to rectify its mistake, and filed its Answer to the Complaint on the same day. Additionally, Defendant filed its Motion to Vacate Clerk's Entry and Response to Order to Show Cause shortly thereafter.

4

Defendant's prompt actions show there was no willful disregard involved as a reason for their failure to respond. *See Compania Dominicana*, 88 F.3d at 952 ("Most failures to follow court orders are not 'willful' in the sense of flaunting an intentional disrespect for the judicial process. However, when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful").

Secondly, I cannot find that vacating the clerk's entry of default would prejudice Plaintiff. "Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Griffin*, 2008 WL 162754, at *3 (quoting *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006)). Defendant moved to vacate eleven days after entry of clerk's default. I do not find this short time span to constitute a period of length that would result in prejudicial proceedings, and prior case law agrees. *Id*. at *2 (finding that a motion to vacate filed less than three weeks after the clerk's default was a reasonable time to respond). Furthermore, Plaintiff has not alleged adversarial prejudicial proceedings would occur as a result of setting aside clerk's default. Plaintiff instead focuses on Defendant's supposed lack of desire to participate in litigation as a reason to maintain default and, furthermore, grant default judgment. However, this is not a dispositive factor. In fact, notwithstanding the reasons for Defendant's failure to respond, Defendant desire to now participate in litigation trumps Plaintiff's claim. *See Saperstein v. Palestinian Auth.*, No. 04–20225–CIV, 2008 WL4467535, at *8 (S.D.Fla. Sep. 29, 2008)

(setting aside a default judgment because, among other reasons, defendants expressed their willingness to actively participate in the litigation).

Thirdly, Defendant asserts a meritorious defense, claiming that Plaintiff's allegations are "false and inaccurate." Mot. to Vacate 3. With regard to a meritorious defense, the "[l]ikelihood of success is not the measure." *Griffin*, 2008 WL 162754, at *3 (citing *Keegel v. Key West & Carribean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980)). Instead, where a Defendant has provided by clear statements a "hint of a suggestion" that his case has merit that is sufficient. *Id.* (citing *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)).

Lastly, Defendant states that maintaining the clerk's entry of default, which in effect would grant Plaintiff's request for injunctive relief, attorney fees, and costs, would result in Defendant suffering extreme financial hardship. Mot. to Vacate 3. I agree that the amount of attorney's fees, and costs[1] may render Defendant, who describes itself as a "small company whose business is currently extremely slow", at a significant financial loss. *See Daytona Tourist Charter Corp v. Broward Servs. Ltd.*, No. 12-20221, 2012 WL 3042992, at *2 (S.D. Fla. July 25, 2012).

For these reasons, coupled with the Eleventh Circuit's strong policy of determining cases on their merits, the clerk's default entry should be vacated. *See Florida Physicians Ins. Co.*, 8 F.3d at 783.

### IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendant's Motion to Vacate Clerk's Default, ECF No. 14, is **GRANTED.**

---

[1] Attorney's fees and costs are described in detail in Attachment 1 of ECF No. 11

6

2. The Clerk's Default entered against Defendant, ECF No. 6, is **VACATED.**

3. Plaintiff's Motion for Default Judgment, ECF No. 11, is **DENIED** as moot.

**DONE and ORDERED** in chambers, at Miami, Florida, this 18${}^{th}$ day of June 2013.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*